Case 2:21-cv-00177   Document 5   Filed on 08/20/21 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMARIO LYNN MCPHERSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-177 |
| | § | |
| TEXAS BOARD OF PARDONS AND PAROLES, | § | |
| | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

This is a habeas action filed pursuant to 28 U.S.C. §2241 by Amario Lynn McPherson, a state prisoner incarcerated at the McConnell Unit in Beeville, Texas. (D.E. 1).[1] On February 21, 1996, in Tarrant County Texas, Case No. 0572747A, pursuant to a plea agreement, Petitioner pleaded guilty to one count of first-degree murder with a deadly weapon and was sentenced to life imprisonment. *McPherson v. Davis*, No. 4:17-cv-418-A (N.D. Tex. Sept. 14, 2018) (Memorandum Opinion and Order dismissing habeas petition as an abuse of the writ). For the reasons discussed below, it is recommended that this case be **DISMISSED** prior to service pursuant to the screening

---

[1] Section 2241 petitions must be filed in the district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). A habeas action filed pursuant to 28 U.S.C. § 2254 may be filed either in the district where petition is in custody or in the district in which the petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

provisions of Rule 4 of the Rules Governing Section 2254 Cases because it is clear Petitioner is not entitled to relief and this petition is successive.[2]

Petitioner has filed four other habeas actions in this Court and five or more in the Northern District of Texas, Fort Worth Division and has been repeatedly informed that 28 U.S.C. § 2254 provides the exclusive remedy for a state prisoner challenging the fact or duration of his confinement and seeking an immediate or speedier release. *Wolff v. McDonell*, 418 U.S. 539, 554 (1974); *See McPherson v. Davis*, 4:17-cv-418-A (N.D. Tex. Sept. 14, 2018) (Memorandum Opinion and Order).[3] The underlying argument to

---

[2] Rule 4 of the Rules Governing Section 2254 Cases provides authority to summarily dismiss frivolous habeas petitions upon preliminary review, prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254, Rule 4. This power of the district court is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Kiser*, 163 F.3d at 328 (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes).

[3] Two of Petitioner's previous § 2241 actions were initially filed in this Court and then transferred to the Northern District of Texas, Fort Worth Division. *See* Case No. 2:17-cv-379 and Case No. 2:18-cv-77. After the transfers, Petitioner's cases were both construed as § 2254 actions. *McPherson v. Davis*, 4:17-CV-1005-O (N.D. Tex. Jan. 4, 2018) (Order of Transfer); *McPherson v. Davis*, 4:17-cv-418-A (N.D. Tex. Sept. 14, 2018) (Memorandum Opinion and Order). Petitioner was warned that filing any further second or successive petitions may result in sanctions, including a monetary penalty, a bar to filing any further habeas petitions, motions or lawsuits, or other impediments as he is "well aware that he must obtain authorization to file a successive petition in this court from the United States Court of Appeals for the Fifth Circuit, as the last three of his § 2254 petitions have been either dismissed or transferred to the Fifth Circuit on that basis." *McPherson v. Davis*, 4:17-cv-418-A (N.D. Tex. Sept. 14, 2018) (Memorandum Opinion and Order). Despite this warning, Petitioner filed two subsequent § 2241 petitions in this Court raising similar grounds to his previous petitions, both of which were dismissed upon screening. *McPherson v. Texas Bd. of Pardons and Paroles*, 2:20-cv-186 (S.D. Tex. Sept. 11, 2020) (Order Adopting Memorandum and Recommendation); *McPherson v. Texas Bd. of Pardons and Paroles*, 2:20-cv-292 (S.D. Tex. Dec. 4, 2020) (Order Adopting Memorandum and Recommendation). Petitioner raises similar grounds again in his pending petition, again seeking immediate release. (D.E. 1 and D.E. 2).

the majority of his petitions is that he is somehow entitled to release under Texas parole laws, despite being repeatedly informed that he has no constitutionally protected liberty interest to be released before the completion of his entire sentence. *Greenholtz v. Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7-8 (1979); *Madison v. Parker*, 104 Fl3d 765, 768 (5th Cir. 1997); *McPherson v. Texas Bd. of Pardons and Paroles*, 2:20-cv-292 (S.D. Tex. Dec. 4, 2020) (Memorandum and Recommendation) (For McPherson's life sentence to cease to operate and his three-year consecutive sentence for assault on a public servant to begin to run pursuant to Tex. Gov't Code § 508.150, a parole panel would first have to find that McPherson should be released on parole for the murder conviction.) [4]

Petitioner again attempts to characterize his latest habeas filing as a petition under § 2241 in attempt to circumvent the procedural rules regarding the filing of a § 2254 petition. (D.E. 1). However, upon review of his petition, he is again seeking relief pursuant to § 2254 and has not received the permission of the United States Court of Appeals of the Fifth Circuit to file a successive petition. Without such authorization, this

---

[4] There is no constitutional expectancy of parole in Texas. *See Madison*, 104 F.3d at 768. As such, an assertion that he was or is being improperly denied parole does not implicate due process or provide a basis for federal habeas corpus relief. *Greenholtz,* 442 U.S. at 7-8 (States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (There is no liberty interest in obtaining parole in Texas and therefore prisoners "cannot complain of the constitutionality of procedural devices attendant to parole decisions"). Here, the state court sentenced Petitioner to life in prison, and liberally construing his latest petition, he has not shown that any state law passed after his conviction somehow lengthened or shortened his life sentence or otherwise modified his parole eligibility.

Court is without jurisdiction to consider the petition. 28 U.S.C. § 2244(b)(3)(A).[5] *Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011) (when a "filing is construed as a second or successive habeas petition, then it must be dismissed) (citation omitted); *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition.") (citations omitted). Further, the allegations raised in Petitioner's latest petition that he is again entitled to release on parole under Tex. Gov't Code § 508.150, if not previously raised, could have been raised in any one of his prior cases. *Leal*, 573 F.3d at 219 (Second or successive petitions include a petition raising a claim "that was or could have been raised in an earlier petition…or otherwise constitutes an abuse of writ.") (citations omitted).

This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the

---

[5] A claim presented in a second or successive application that was not presented in a prior application must be dismissed unless: (1) the applicant shows the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claim could not have been discovery previously through the exercise of due diligence, and but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2). Further, before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

successive motion in the District Court.  28 U.S.C. §2244 (b)(3).  *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions to the Fifth Circuit and establishing procedures to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating he will be able to obtain the Fifth Circuit's permission,[6] dismissal without prejudice would be more efficient and would better serve the interests of justice than a transfer to the Fifth Circuit, especially given Petitioner's vexatious history of filing frivolous, repetitive habeas petitions.  Therefore, it is respectfully recommended that this case be **DISMISSED** as without merit, successive and as an abuse of writ.

Further, despite a sanction warning and multiple dismissals including a finding of an abuse of writ, Petitioner has persisted in filing habeas petitions requesting the same relief.  Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and…to command respect for [its] orders, judgments, procedures, and authority."  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (citation omitted).  Included in this power is the authority to "levy sanctions in response to abusive litigation practices," especially where a *pro se* litigant has a history of submitting multiple frivolous claims.  *Id*.; Fed. R. Civ. P. 11; *Mayberry v. Stephens*, No. 13-10978, 2014 WL 3724965, at *1 (5th Cir. July 29, 2014) (warning prisoner of sanctions for further frivolous motions).  Appropriate sanctions include restrictions on the ability to file

---

[6] Petitioner will have to demonstrate to the Fifth Circuit that his claim meets the requirements set forth in 28 U.S.C. § 2244(b)(2) as stated above.

future lawsuits without leave of court and monetary sanctions. *United States v. Perkins*, 424 F. App'x 328, 329 (5th Cir. May 4, 2011); *Silver v. City of San Antonio*, No. SA-19-MC-1490-JKP, 2020 WL 3803922, at *4-5 (W.D. Tex. July 7, 2020); *Sabedra v. Soc. Sec. Admin.*, No. 3:08-cv-1931-K, 2008 WL 5203709, at *1 (N.D. Tex. Dec. 11, 2008). Therefore, the undersigned **RECOMMENDS** Petitioner be **SANCTIONED $300.00** and be **PRECLUDED** from filing any further cases challenging the validity of his conviction and sentence whether those challenges are governed by § 2241, § 2254 or any other statutory provision without first obtaining the permission of this Court or the forum court until he satisfies this sanction, even if he pays the required filing fee.

ORDERED this 20th day of August, 2021.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).