United States District Court
Southern District of Texas
**ENTERED**
October 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMARIO LYNN MCPHERSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-177 |
| | § | |
| TEXAS BOARD OF PARDONS AND PAROLES, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Amario Lynn McPherson's Petition for Writ of Habeas Corpus (D.E. 1) for initial screening under Rule 4 of the Rules Governing Section 2254 Cases. On August 20, 2021, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (D.E. 5), recommending that the petition be dismissed without prejudice as without merit, successive, and as an abuse of writ. The Magistrate Judge further recommended that Petitioner be sanctioned for vexatious litigation. Petitioner timely filed his objections (D.E. 7) on September 9, 2021. *See* D.E. 6 (demonstrating service on August 26, 2021).

Petitioner is serving a life sentence in the Texas Department of Criminal Justice (TDCJ) on a state conviction for first-degree murder. He has also been ordered to serve a consecutive three-year sentence for assault on a public servant.

In his first and third objections (arguments I and second part of II), he argues that he is held unlawfully because he interprets statutory provisions regarding the calculation of consecutive sentences and eligibility for release on parole as having automatically

reduced his life sentence to fifteen years of flat time, which he has already served. The parole board, however, has made no decision that Petitioner would be granted release on parole but for the consecutive sentence.

This Court has repeatedly refused to construe the statutes as Petitioner argues, including in another habeas case that he brought. *See e.g., McPherson v. Tex. Bd. of Pardons & Paroles*, 2:20-CV-186, 2020 WL 5506007, at *1 (S.D. Tex. Sept. 11, 2020); *see also James v. Davis*, 2:20-CV-040, 2020 WL 2576240, at *1 (S.D. Tex. May 21, 2020); *Ellason v. Owens*, CV C-11-378, 2012 WL 12877653, at *2 (S.D. Tex. Mar. 6, 2012). The statute on which he relies, Texas Government Code § 508.150(b), applies only to calculations regarding multiple sentences running consecutively, in which the parole board determines that—absent the remaining sentence(s)—the prisoner would have been released on parole. Petitioner does not qualify for release under this provision. The first and third objections are **OVERRULED**.

The Magistrate Judge recommends dismissal because Petitioner's refiled argument does not have merit and his petition must be screened and evaluated under the rules pertaining to habeas corpus cases filed under 28 U.S.C. § 2254, for persons held in custody pursuant to a judgment of a state court. Petitioner's second objection (second part of argument II) maintains that his case is filed under 28 U.S.C. § 2241 and that the dismissal using § 2254 procedures represents a violation of the separation of powers between the executive and judicial branches.

Petitioner cites *Ex parte Giles*, 502 S.W. 2d 774, 780 (Tex. Crim. App. 1973), which held that the judiciary may not interfere with the executive department's power of

clemency, held by the state governor and exercised through the parole department. However, the parole department has taken no action with which this or any other court is interfering.

The purpose of the federal judiciary is to interpret the constitution and laws of the United States, as well as state laws in cases properly brought in federal court. *See N.L.R.B. v. Noel Canning*, 573 U.S. 513, 525 (2014) (citing *Marbury v. Madison*, 1 Cranch 137, 177, 2 L.Ed. 60 (1803)). There is no violation of the separation of powers where this Court interprets a provision of state law to apply to the calculation of a sentence in a specific scenario that is not present in this case. The state legislature is free to amend and clarify the law if courts interpret it in a manner contrary to its intent. The legislature has not done so. Therefore, the Court **OVERRULES** Petitioner's objection that the Magistrate Judge's analysis violates the separation of powers. Consequently, this habeas corpus application falls under § 2254 because Petitioner is held pursuant to the judgment of a state court.

In his fourth objection (argument III), Petitioner appears to be challenging the Magistrate Judge's recommendation on the basis that the crime for which he was convicted and sentenced is within the scope of crimes to which the one-half rule applies. Assuming arguendo that his crime is included, he still remains ineligible for relief under any one-half rule because he has not been determined eligible for release by the parole board. The fourth objection is **OVERRULED**.

Alternatively, Petitioner may be making a fifth objection (under argument III) that the one-half rule applies without first showing that he would be eligible for release on parole because subdivision (1) of § 508.150(b), Texas Government Code, allows for a

calculation in which the initial sentence is fully served with flat calendar time without a showing of qualification for release on parole. But this argument would not apply here. Petitioner cannot show that he has fully served his life sentence with flat calendar time, so he does not fall under subdivision (1).

Moreover, the fact that there is a subdivision (1) reinforces the Court's treatment of subdivision (2). The differences between the two subdivisions are based on the differences in sentences and time served. The fact that the material qualification for application of subdivision (2) is not present in subdivision (1) does not render that qualification irrelevant. Rather, the two subdivisions exist for precisely the reason that the two different fact scenarios exist. Thus, the qualifications are different and eligibility for release on parole is a necessary part of the subdivision (2) analysis. The Court **OVERRULES** the fifth objection.

In his sixth objection, Petitioner complains that the Court's refusal to find that his sentence ceased to operate is a violation of his equal protection rights under the Fifth and Fourteenth Amendments. But the claim that being sentenced to life imprisonment makes him similarly situated to an individual sentenced to two years' imprisonment, fully served, is incorrect. To the extent that he claims that the law creates two separate classes without a rational basis, the claim is improper in a habeas application. Such a claim would have to be filed as a civil rights action. The sixth objection is **OVERRULED**.

In his seventh objection (argument V), Petitioner assumes the success of his previous arguments and concludes that both of his sentences have been completed and that he is no longer held pursuant to the judgment of a state court. Therefore, his habeas

application falls under § 2241 and not § 2254. Because the Court has rejected his prior arguments, this objection necessarily fails and it is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED** as without merit, successive and as an abuse of writ.

The Court further **SANCTIONS** Petitioner the amount of $300.00 and he is **PRECLUDED** from filing any further cases challenging the validity of his conviction and sentence whether those challenges are governed by § 2241, § 2254 or any other statutory provision without first obtaining the permission of this Court or the forum court until he satisfies this sanction, even if he pays the required filing fee.

ORDERED this 29th day of October, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE